| .PER CURIAM.
The defendant, Adam T. Rusley, pled guilty in unrelated cases to aggravated battery and possession of marijuana.[1] He was sentenced to serve ten years at hard labor and six months in the parish jail, respectively, with the sentences to be served concurrently. The defendant now appeals his sentences as excessive. We affirm the convictions and sentences.
FACTS
In August 1997, members of the Bossier City police department responded to a complaint regarding gambling and drug violations on a Bossier City street corner. The officers saw the defendant and a group of men gambling. When the officers approached, the defendant threw a *400 plastic bag to the ground. The bag contained marijuana. On November 3, 1997, the defendant was charged by bill of information with one count of possession of marijuana.
In April 1998, a man entered a Bossier City convenience store and said he was being robbed. Another man, Don Williams, who had been inside the store, went outside and saw the defendant, who was with the other perpetrators, trying to flee the scene. Mr. Williams grabbed the defendant to prevent his escape. The defendant shot Mr. Williams in the hip. The subsequent investigation revealed that the robbery was actually a drug deal gone bad. On June 25, 1998, the defendant was charged by bill of information with attempted second degree murder.
The defendant entered into a plea bargain agreement with the state whereby the attempted second degree murder charge was reduced to aggravated battery. The defendant pled guilty to that charge and to possession of marijuana, with the sentences to be served concurrently. Following the denial of his timely motion for reconsideration, the defendant appealed his concurrent sentences of ten years and [.-¡six months. He argues that the sentences are excessive and argues that the trial court did not adequately comply with the provisions of La.C.Cr.P. art. 894.1 in pronouncing sentence.
DISCUSSION
The record shows that the trial court considered the criteria set forth in La.C.Cr.P. art. 894.1. Prior to imposing sentence, the district court reviewed a report which elaborated the facts of the case and the 21-year-old defendant’s background. The court noted that the defendant, who was originally charged with attempted second degree murder, was allowed to plead guilty to a reduced charge, thereby receiving a substantial reduction in his sentencing exposure. The court considered the facts of the case and observed that it is totally unacceptable to possess drugs and to shoot people. The defendant had no juvenile record. He had been arrested in 1995 on charges of possession of cocaine with intent to distribute, possession of stolen things and possession of drug paraphernalia, but those charges were not prosecuted. In 1996, charges of possession of marijuana and possession of drug paraphernalia were not prosecuted. The defendant had convictions for possession of marijuana and two instances of disturbing the peace by public drunkenness. The court noted that, in the present case, the defendant could have been charged with second offense possession of marijuana, which is a felony. The court found the defendant was in need of correctional treatment best provided by a custodial environment and that a lesser sentence would deprecate the seriousness of the offense. Also, the court correctly noted that a sentence for a crime of violence may not be suspended. The court found that the defendant knowingly created a risk of great bodily harm or death to more than one person due to the fact that there was a crowd in the parking lot at the time of the instant shooting.
On this record we do not find constitutional error. The defendant obtained a very substantial benefit from his plea bargain which reduced his sentencing 1¿exposure regarding the shooting, from 50 years without benefit of parole to 10 years with benefit of parole. The state granted further leniency by not charging a felony level drug offense. The district court granted leniency to the defendant by ordering that the sentences in these unrelated cases be served concurrently. The pled offense of aggravated battery fails to adequately describe the defendant’s conduct and does not reflect that his conduct jeopardized numerous persons. The sentences imposed do not shock our sense of justice, nor does the term of imprisonment imposed constitute an abuse of the district court’s sentencing discretion. The concur *401 rent sentences are not constitutionally .excessive.
CONCLUSION
For the reasons stated above, we affirm the convictions and sentences of the defendant, Adam T. Rusley.
AFFIRMED.

. Although the misdemeanor marijuana charge is not properly subject to appeal under La.C.Cr.P. art. 912.1, the cases were consolidated at the district court level. In the interest of judicial economy we also consolidated these matters for review.